### BOOKER v. COULTER.

(Court of Civil Appeals of Texas. Austin. Oct. 9, 1912.)

APPEAL AND ERROR (§ 797*) — DISMISSAL — TIME OF FILING MOTION—DEFECTIVE APPEAL BOND.

Court of Civil Appeals rules, as amended by the Supreme Court in 1912, rule 8 (142 S. W. xi), require that all motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within 30 days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived if it can be waived by the parties. Rule 9 (142 S. W. xi) provides that motions to dismiss for want of jurisdiction and for jurisdictional defects which cannot be waived shall also be filed at such time. *Held* that, when a motion under rule 9 does not show an absolute want of jurisdiction, it must be filed within the time prescribed by rule 8 to prevent waiver, and an appeal bond which was only defective because not in double the probable amount of costs is not a jurisdictional defect, and an objection to the bond on that ground is waived by failure to object within the time prescribed by rule 8, and hence cannot be made a ground of a motion to dismiss.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3149–3154; Dec. Dig. § 797.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action between S. W. Booker and J. D. Coulter, in which the first-named appeals. On motion to dismiss appeal. Motion denied.

I. J. Curtsinger, of San Angelo, for appellant. C. E. Dubois, of Ozona, and Stone & Wade, of Ballinger, for appellee.

KEY, C. J. [1] The transcript in this case was filed in this court on the 4th day of April, 1912, and the case has been set down for submission on this day. On the 5th day of October, 1912, appellee presented to the clerk of this court a motion to dismiss the appeal, and the clerk has asked the advice of the court as to whether he should file the motion. Appellant has waived service of the motion.

The motion to dismiss is based solely upon the ground that the appeal bond is for a less sum than double the probable amount of costs, as fixed by the clerk of the court below. The clerk fixed the probable amount of the costs at $300, and the appeal bond is for that sum, and not double that amount, as required by statute. As amended by the Supreme Court in 1912, rules 8 and 9 (142 S. W. xi), read as follows:

"(8) All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party.

"(9) Motions to dismiss for want of jurisdiction to try the case, and for such defects as defeat the jurisdiction in the particular case and cannot be waived shall also be made, filed and docketed at said time; provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper."

If rule 8 applies to the case, then the motion comes too late, and the objection urged therein must be considered as waived. If the case is controlled by rule 9, the motion should be entertained and the appeal dismissed, unless appellant files a new bond correcting the defect. It is quite clear that rule 9 is limited to motions which relate to the jurisdiction of the appellate court; and, when such motions do not show an absolute want of jurisdiction, they should be filed within the time prescribed by rule 8. In the motion under consideration the bond seems to be in due form, and for a specified and substantial amount, and the only objection is that the amount is less than it should have been. Under the law as it now exists in this state, any defect in the appeal bond may be cured by the appellant giving another bond; and it is not proper to dismiss an appeal on account of such defect until the appellant has been allowed a reasonable time to file another bond. If no objection is made, the appeal may be prosecuted upon a defective bond.

---

Hence we hold that the objection urged against the bond in this case does not affect the jurisdiction of this court, and that the motion to dismiss comes too late, and should not be filed by the clerk. While it may be true that some sort of bond or alleged bond must be filed in order to confer jurisdiction upon this court, still we hold that the bond in question, which is defective in amount only, is sufficient to confer such jurisdiction. That bond is binding upon those who signed it; and, while appellee had the right to have a bond given for a larger sum, he waived that right by not objecting earlier.